(No. 4047— ▬▬▬▬▬▬

PAULINE SMITH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1948.*

*Petition of Claimant for Rehearing denied September 21, 1948.*

LYCURGUS J. CONNER, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and HON. WILLIAM L. MORGAN, Assistant Attorney General, for Respondent.

ECKERT, C. J.

On December 23, 1946, the claimant, while visiting her daughter, who was a patient at Kankakee State Hos-

pital, descended a stairway to the basement of a ward building known as No. 4 North to inspect her daughter's clothing. She fell at the bottom of the stairs.

In her complaint, which was filed in this Court on November 6, 1947, claimant alleges that the negligence of the respondent in the maintenance of this stairway was the proximate cause of her fall and subsequent injury; that the stairway was poorly and insufficiently lighted; that the balustrade along the side of the stairway ended at the next to the last step; that the bottom step was not painted the same color as the other steps, but was painted the same color as the floor of the basement; that because of this coloring, and because of poor and insufficient lighting, the last step of the stairway appeared to be a part of the basement floor.

Claimant further alleges that as a result of her fall she fractured her right ankle, causing a permanent injury, which has prevented her from following her usual occupation as a housewife, and which has necessitated the expenditure of large sums of money for the assistance of others to perform her duties; that she has been permanently incapacitated; that she has suffered great physical pain and mental anguish, and will continue to do so in the future; and that she expended large sums of money for medical services. She seeks damages in the amount of $5,000.00.

The stairway upon which the accident occurred, leads from the first floor of the ward building to the basement. It is thirty-nine inches wide, and of wood construction except for the base step which is concrete. It is straight in its course; all steps conform to standard practice in construction, having a seven inch riser and an eleven inch tread. All walls and ceilings are painted in light colors. No claim is made that the stairway was

not in good repair.

At the hearing before Commissioner East, the claimant, testifying on her own behalf, stated that she descended the stairs, preceded by a nurse, to inspect her daughter's clothes; that she held onto the banister; and that "when I turned to loose myself, why I was in mid air." She testified that the banister did not extend the full length of the stairs; that it stopped at the second step from the floor; that she thought she had reached the floor when she was on the last step; that the color of the bottom step was the same color as that of the floor; that the color of the other steps was different; and that the stairway was dimly lighted. She did not know whether an electric light was lighted or not. She stated that she had gone down the same stairway before, but she did not know how often; that the stairway was not as well lighted on the day of the accident as when she had gone down before.

Dr. George W. Morrow, testifying on behalf of the respondent, stated that the stairway was straight, consisting of fifteen steps leading from the first to the basement floor; that the steps were thirty-nine inches in width, constructed along standard lines, with an eleven inch tread and a seven inch riser; that the stairway was in excellent state of repair; that the first fourteen steps were constructed of wood, and the base step of cement; that the stairway is used by patients and employees, it being their only means of going from the first to the basement floor for meals and baths. Dr. Morrow further testified that a ceiling light, which is about a foot and a half from the center of the stairway, is always kept burning; that there is also light from the dining room shining through the lattice work which separates the stairway from the dining room. He also stated that

the stairway was not poorly lighted; that the wooden steps were covered with dark blue linoleum; that the newel post on the bottom stair is about eight inches square and covers a large part of the end of the step; and that the balustrade ends in the newel post.

Ora Trego, testifying on behalf of the respondent, stated that she preceded the claimant down the stairway at the time of the accident; that the stairway was in a good condition of repair, and was well lighted; that the stairway was used by the patients and the employees of the institution; that it is a stairway leading to the door of the dining room, which is on the right; that from the stairway you can see into the dining room through lattice work; that the claimant sustained her fall about two o'clock in the afternoon; that the hall light was on at the time of the accident; that the wooden steps were painted a dark color; that the last step was painted a lighter color, probably a brownish red; and that the stairway was lighted by a 50 or 60 watt bulb.

The report of the Director of the Department of Public Welfare, which forms a part of the record in this case, and the report of the commissioner who carefully examined the stairway, fully substantiate the testimony of Dr. Morrow and Ora Trego.

It is clear from the record that claimant sustained a painful and serious injury as a result of her fall, but it is also clear that claimant has failed to prove any negligence on the part of the respondent. To recover, claimant was required to prove that the respondent permitted this stairway to be and remain in a dangerous and unsafe condition. The evidence is to the contrary. The stairway was in an excellent state of repair; it was well lighted, and equipped with an adequate handrail. The construction of the stairway, and of the handrail,

ending as it did on the newel post on the bottom step, was standard, usual, and customary. Aside from claimant's own statement, the record is uncontroverted that the stairway was well lighted. It was not a dark, seldom used, poorly constructed basement stairway, but a well lighted, well constructed stairway, in constant use by patients and employees of the institution. The record is clear that the respondent exercised due care and caution in the maintenance of this stairway, having in mind the welfare and safety of patients, employees, and guests of the institution.

The claimant, having shown no failure upon the part of the respondent to exercise ordinary care in the maintenance of the stairway in question, can not recover. It is unnecessary for the Court, for the purposes of this decision, to determine whether claimant was upon the premises as a mere licensee or by invitation, express or implied. It is also unnecessary for the Court to determine whether or not claimant's alleged incapacity is a result of the accident.

For the reasons stated, an award is denied.